characteristics or circumstances that made the victims particularly susceptible to the crime. In *Peters*, there was such a characteristic: poor credit history. In *Castellanos*, where the target group shared only the ability to speak Spanish, there was none.

■ Here the district court properly looked to the particularly vulnerable circumstances in which Stucky found himself after being placed in the front seat with his killer behind him and driven to a remote spot, at the behest of persons he believed his job obligated him to accommodate. The district court did not abuse its discretion in imposing the "vulnerable victim" adjustment.

■ Appellant raises one additional issue. She claims the district court abused its discretion by denying her request to subpoena more than two witnesses to testify to her duress defense at sentencing. Prior to her sentencing hearing, appellant filed an *ex parte* motion under Federal Rule of Criminal Procedure 17(b) for the issuance of subpoenas to several witnesses whom appellant was financially unable to bring to court. She intended to offer these witnesses in support of her defenses at sentencing of "imperfect duress" and aberrant behavior. Specifically, she claims that her participation in these offenses was the result of spousal abuse at the hands of her husband Eric and the effects of battered woman syndrome.

■ A district court can properly deny a Rule 17(b) subpoena request when the testimony sought would be cumulative. *See United States v. Sims*, 637 F.2d 625, 629 (9th Cir.1980); *United States v. Smith*, 924 F.2d 889, 896 (9th Cir.1991). The district court granted the motion in part and issued subpoenas to Spring Witham, appellant's mother, and Jerry Pickering, appellant's ex-husband. The district court declined to subpoena (1) Joe Bower, a friend of appellant's, (2) Steve Leslie, Jr., a high school acquaintance of appellant's, (3) Richard Seward, a person with whom the Weischedels resided temporarily, and (4) Jennifer Selvog, Eric Weischedel's ex-wife.

This court has held that evidence of spousal abuse and "battered woman syndrome" may support a downward departure for coercion or duress under U.S.S.G. § 5K2.12. *See United States v. Johnson*, 956 F.2d 894, 899–900 (9th Cir.1992); *United States v. Ramos–Oseguera*, 120 F.3d 1028, 1041 (9th Cir.1997). Therefore, although the observations of at least Bower, Leslie, and Seward regarding appellant's fear of Eric and of his abuse were relevant to appellant's duress claim, appellant's motion to the district court did not explain what the testimony of any of the additional witnesses could add to the testimony of her mother and ex husband, who both testified regarding the abuse Eric inflicted on appellant. The district court did not abuse its discretion when it permitted appellant to subpoena two, and not six, witnesses on the duress defense.

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darnell HAYES, Defendant–Appellant.**

No. 98–50609.

United States Court of Appeals, Ninth Circuit.

Feb. 1, 2000.

Before: HUG, Chief Judge.

## ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–

3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.

**Robert BARNETT, Plaintiff–Appellant,**

v.

**U.S. AIR, INC., Defendant–Appellee.**

**No. 96–16669.**

United States Court of Appeals,
Ninth Circuit.

Feb. 1, 2000.

Before: HUG, Chief Judge.

### ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.

Lewis HEIN; Colleen Dotson; Sylvia Darby–Jodon; Andrew Hein; Jason Helmer; Frank Lunning, Jr.; Mary Lunning–Fein; Debra Padilla; Paul Phipps, Jr.; Christopher Provinzano; and Helen Rust, individually and as representatives of Defendant Capitan Grande, Plaintiffs–Appellants,

v.

CAPITAN GRANDE BAND OF DIE-GUENO MISSION INDIANS, a federally recognized tribe; Barona Group of the Capitan Grande Band, an unincorporated association; Clifford La-

Chappa, Sr., individually and as Chairman of the Barona Group; John and Jane Does 1–15, members of the Tribal Council of the Barona Group; Viejas Group of the Capitan Grande Band, an unincorporated association; Anthony Pico, individually and as chairman of the Viejas Group; John and Jane Does 1–15, members of the Tribal Council of the Viejas Group; United States of America; Bruce Babbitt, in his capacity as Secretary of the Interior, Defendants–Appellees.

No. 98–56182.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1999.

Decided Feb. 7, 2000.

